## Case No. 10,580.

### ORMSBY v. TINGEY.

[2 Cranch, C. C. 128.] 1

Circuit Court, District of Columbia. Dec. Term, 1816.

EVIDENCE—COPY FROM RECORDS — DEED OF PERSONAL PROPERTY.

ORMSBY (UNITED STATES v.). See Case No. 15,969.

## Case No. 10,581.

### In re ORNE.

[1 Ben. 361; 2 Bankr. Reg. Supp. 13; 1 N. B. R. 57; 6 Int. Rev. Rec. 84; 14 Pittsb. Leg. J. 613.]

District Court, S. D. New York. Sept. 2, 1867.

AMOUNT OF DEBT—INTEREST—COUNTER CLAIM.

1. Where, at an adjourned meeting of creditors, the bankrupt objected to the proof of a debt

---

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

of a creditor, and requested the register to allow the creditor to vote for assignee, only in respect of a portion of his claim, because (1) interest was included to make up the amount, and (2) part of the claim was on a draft given on a purchase of lumber by the bankrupt, which was never delivered by the creditor, so that the consideration of the draft entirely failed, and the bankrupt was also entitled to damages, which should be set off against the rest of the creditor's claim, and his debt should only be allowed for the remainder; and where the bankrupt offered himself as a witness to prove his allegations, but the register refused to hear his evidence or to reduce the amount of the claim, and certified the question to the court: Held, that, under the provisions of the nineteenth section of the bankruptcy act [of 1867 (14 Stat. 525)], if a debt is due from the bankrupt, so as to bear interest, before the adjudication in bankruptcy, the amount of the debt to be proved is to be ascertained, by adding the interest until the day of the adjudication; and that, if the debt becomes due and payable, without interest, after the adjudication, its amount is to be ascertained by taking off interest from the day of adjudication until the day it will become payable.

[Cited in Re Haake, Case No. 5,883.]

2. The register erred in refusing to receive evidence that the consideration for the draft had entirely failed.

3. As the claim on the draft was contested, the register ought, before going further, to investigate the question raised as to the consideration, with a view of postponing the proof of the claim if necessary, as required by the twenty-second section.

4. The claim for damages on the contract for the purchase of lumber, ought to have been stated in the bankrupt's schedule of property.

5. That claim, being unliquidated, cannot be applied as a set off against any part of the creditor's claim, and must be wholly disregarded in the proceedings for the choice of an assignee. Whether, if put into the shape of a debt against the creditor, it would fall within the purview of section 20 of the act, quere.

In this case, at an adjourned meeting of the creditors of the bankrupt [Freeman Orne], held August 27th, 1867, for the proof of debts and the choice of an assignee, objections were raised by the bankrupt to a proof of debt by Benjamin Pope & Co. The proof was filed with the register, August 7th, 1867, the amount of the claim being $11,512.34, and the consideration an account current for goods, a check, and a draft, and interest on the three items. The bankrupt requested the register to strike out of the amount of the claim all but $2,000, which is the amount of the debt set out in the schedules filed with the bankrupt's petition, as due to Benjamin Pope & Co., and to admit that firm to the right to vote for an assignee only to the amount of $2,000. The grounds assigned for this request, were as follows: (1) That, upon the face of the claim, as stated, there was included interest upon the claim to the amount of $1,798.18, which interest was added to the debt to make up the amount proved, and that interest on a matured debt cannot be included in the amount proved against a bankrupt's estate; (2) that the draft, for the amount of $6,706.29, which formed a part of the claim, was given for the purchase of lumber contracted to be de-

livered by the creditors to the bankrupt; that the lumber was not delivered in pursuance of the contract, nor accepted by the bankrupt, that thus the consideration of the draft had entirely failed; and that, by reason of the failure of the creditors to fulfil the contract, the bankrupt was entitled to damages, which set off against that portion of the claim which was in open account, would reduce the indebtedness of the bankrupt to Pope & Co. to $2,000. The bankrupt offered to show these facts by his own examination, under oath, and claimed that the creditors should be allowed to prove their claim only to the amount of $2,000, or that the register should, under section twenty-three of the bankruptcy act, postpone proof of the claim until the assignee should be chosen. The register refused to strike out the claim and reduce it as requested, or to admit Pope & Co. to vote for an assignee only to the amount of $2,000 of the claim proved. Thereupon, the register, at the request of the bankrupt, adjourned the question into court for decision, and certified the foregoing statement. The register stated, in his certificate, that, in his opinion, the proof of debt was sufficient to place Pope & Co. on the list of voters for assignee, to the full amount claimed, and that the question as to whether the firm was entitled to interest on the full amount of the claims could properly come up on a future occasion and in another manner. The register also reported, that the claim of Pope & Co. was not stated in Schedule A to the debtor's petition, at its full amount, with a statement in Schedule B, of the amount of the set-off claimed, as directed by the notes of instruction on form 3 in Schedule A, established by the supreme court, but was set out as $2,000 "for merchandise."

BLATCHFORD, District Judge. In regard to the interest on the items of the claim, included in the amount proved, I do not understand that the bankrupt claims that the items do not properly carry interest, or that interest would not be recoverable on the principal sums of the items, if the claims were to be put in suit against the bankrupt. The claim merely is, that interest on a matured debt cannot be included in the amount proved against the bankrupt's estate. The nineteenth section of the bankruptcy act provides, "that all debts due and payable from the bankrupt at the time of the adjudication of bankruptcy, and all debts then existing but not payable until a future day, a rebate of interest being made when no interest is payable by the terms of the contract, may be proved against the estate of the bankrupt." Under this provision when a debt is in existence at the time of the adjudication of bankruptcy, but is not payable until afterwards, and the debt is one not bearing interest or not running with interest, that is, is one on which,

when it becomes payable, there will be payable merely the amount of the debt, without an additional sum for interest, in such case, the debt may be proved for the amount of its worth or value at the time of the adjudication of bankruptcy, which worth or value is to be arrived at, by deducting from the amount of the debt the amount of the interest on it, from the time of the adjudication of the bankruptcy until the time it becomes payable. The time of the adjudication of bankruptcy is taken, by the statute, as the decisive time. The debt must exist at that time or it cannot be proved. If it is created afterwards it cannot be proved. If it exists then, but is not payable till afterwards, and is not a debt running with interest, that is, if, for instance, it is a promissory note for so many dollars, given before the adjudication of bankruptcy, but not maturing till afterwards, then a rebate must be made from its amount, of the interest on that amount, from the time of the adjudication of bankruptcy to the time of the maturity of the note. It is equally clear that, where the debt is one, not only in existence at the time of the adjudication of bankruptcy, but payable before that time, and running with interest, by its terms or character, so that the obligation of the debtor in regard to the debt will not be wholly discharged without payment of such interest as well as the principal, the statute intends that the debt shall be proved for the amount of the principal and of the interest thereon to the time of the adjudication of bankruptcy. In the present case, as the items composing the claim were all of them due and payable by the bankrupt at the time of the adjudication of bankruptcy, and, as interest was running on all of them at that time, it was proper for the creditors to include, in the amount proved, interest to that time. Interest was included to August 7th, 1867. Whether that was the time of the adjudication of bankruptcy is not stated in the certificate. If, inadvertently, the interest has been computed for a wrong period, the register has, in the proof of debt, the means of correcting the error, and should allow the interest for the proper period. By taking the time of the adjudication of bankruptcy as the time for stating the then present worth or value of the various debts proved, equal and exact justice is done to all creditors whose debts exist at that time, although they may have been or may be payable at various times, and may carry different rates of interest.

The objection taken by the bankrupt in regard to the draft for $6.706.29, consists of two branches: (1) A claim that the consideration of the draft has entirely failed, and, consequently, that nothing is due on the draft; (2) a claim that Pope & Co. are indebted to the bankrupt in an unliquidated sum of money, for damages for breach of contract, and that such sum must be set off

against that portion of the claim of Pope & Co. which is in open account.

As regards the first branch, the twenty-third section provides that, "when a claim is presented for proof before the election of the assignee, and the judge entertains doubts of its validity or of the rights of the creditor to prove it, and is of opinion that such validity or right ought to be investigated by the assignee, he may postpone the proof of the claim until the assignee is chosen." The sixth rule of this court provides that, "if the register entertains doubts of the validity of any claim, or of the right of a creditor to prove it, and is of opinion that such validity or right ought to be investigated by the assignee, he may postpone proof of the claim until the assignee is chosen." The twenty-second section of the act provides, that "the court may, on the application of the assignee, or of any creditor, or of the bankrupt, or without any application, examine upon oath the bankrupt, or any person tendering, or who has made, proof of claims, and may summon any person capable of giving evidence concerning such proof, or concerning the debt sought to be proved, and shall reject all claims not duly proved, or where the proof shows the claim to be founded in fraud, illegality, or mistake." Under the fourth section of the act, and the fifth rule of the general orders in bankruptcy, the register has power to take this evidence, in regard to a debt or claim proved or sought to be proved. Now, in this case, it appears that the bankrupt offered himself for examination, to show that the consideration of the draft had entirely failed; and I understand, from the certificate, that the register refused to receive evidence on the question of the failure of the consideration of the draft. In this the register erred. The purport of the twenty-third section is, that it is the duty of the register, when he entertains doubts of the validity of a claim or of the right of a creditor to prove it, and is of opinion that such validity or right ought to be investigated by the assignee, to postpone the proof of the claim until the assignee is chosen. When a question is raised as to the validity of a claim, and evidence is offered in regard to it, it is impossible for the register to come to a proper conclusion as to whether proof of the claim should be postponed, without hearing the evidence offered, and then, if necessary, going on to exercise the power of investigation conferred by the twenty-second section. The register ought, therefore, before proceeding further in the case, to investigate the question raised as to the consideration of the draft, and not allow the draft as a debt, merely because the creditor has sworn to it, if evidence is offered to impugn it.

In regard to the claim for damages set up and claimed as a set-off against the open account, it ought, according to form three, in

Schedule A to the petition, to have been stated in the bankrupt's schedule of property. The claim is an asset of the bankrupt, of which the assignee, when appointed, will take cognizance, and it is not a claim which can, at this stage of the proceedings, be used by way of set-off against any part of the claims of Pope & Co. It is a wholly unliquidated claim, and its amount cannot now be arrived at. When it is put into the shape of a debt against Pope & Co., it may perhaps, then fall within the purview of section 20 of the act, which provides, "that, in all cases of mutual debts or mutual credits between the parties, the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid." It is a claim which must be wholly disregarded in the proceedings for the choice of an assignee.

[This case was subsequently heard upon the question of the right of the register to order an amendment to the bankrupt's schedule. Case No. 10,582.]