BRUAN (UNITED STATES v.) See Case No. 14,675.

## Case No. 2,044.

### In re BRUCE.

[6 Ben. 515.] [1]

District Court, S. D. New York. May, 1873.

BANKRUPTCY—PROOF OF DEBT—RENT—CONSIDERATION OF INDORSEMENT—JUDGMENT SET ASIDE.

1. B., before he became bankrupt, hired premises, and afterwards sold out his business to his brother, and surrendered the premises to him, but still paid the rent, and afterwards directed the landlord to relet them, as he was not able to pay the rent, and agreed to be accountable for the rent till they were relet: *Held*, that a proof of debt for the rent till the premises were relet was valid.

2. B. also agreed to furnish money to H., to take out a patent, and to pay the expense of taking it out, and received an interest in the patent. Thereafter a note made by H., and indorsed by B., was given to J., for work done as a chemist on the patent: *Held*, that J. could prove the note as a valid claim against the estate of B.

3. A claim of debt was offered by the petitioning creditors against B.'s estate, founded upon a judgment. It appeared that, subsequent to the presentation of the proof of debt, the court in which the judgment, which was entered on an inquest, was obtained, had opened the inquest and set aside the judgment: *Held*, that the proof of debt must be expunged.

In bankruptcy. In this case, the register certified to the court that a claim which had been presented, for the rent of certain premises, was objected to by the bankrupt [Cosmore G. Bruce], on the ground that he did not rent the premises for the time claimed; that the facts were, that the bankrupt hired the premises on May 1, 1871, and about July 1, 1871, he sold out his business to his brother, and surrendered the premises to him, but paid the rent for August and September to the landlord's agent, and in December told the agent to relet the premises, and he would be accountable for the rent till they were relet, and they were not relet till March 1, 1872. The register gave his opinion that the bankrupt was liable for the rent up till March 1, 1872.

BLATCHFORD, District Judge. I concur in the conclusion of the register.

The register also certified that a claim presented by Samuel H. Johnson as a creditor had been objected to by the bankrupt, as being founded on an indorsement of a note by the bankrupt, for which he received no consideration; that it appeared that a few days before the date of the note, Hogel, the maker of the note, and the bankrupt, made an agreement that the bankrupt should furnish said maker with money to take out a patent, and that the bankrupt was to pay the expense of taking it out; that the note, indorsed by the bankrupt, was given to Johnson for labor as a chemist upon the patent; that most of the work had been done before the making of the agreement; and that, under the agreement, the bankrupt received an interest in the patent, prior to the making of the note. The register certified that the claim was a legal one, and must be allowed.

BLATCHFORD, J. I concur in the conclusion of the register.

The register further certified that the bankrupt had objected to the proof of debt of the petitioning creditors, on the ground that the debt was founded on a judgment which had been set aside by the court in which it was obtained, and that it appeared that the judgment in question, which had been entered on an inquest against the bankrupt, had been vacated by the court, subsequent to the presentation of the proof of debt. The register gave his opinion that the creditors might be allowed to attach to their claim a statement of the items on which it was founded.

BLATCHFORD, J. As the proof of debt is on the judgment, and the judgment no longer exists, the proof of claim must be expunged.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]