## Case No. 5,974.

### In re HAMBURGER et al.

[8 Ben. 189.] 1

District Court, S. D. New York.  July, 1875.

COUNSEL FEES — ASSIGNEE'S DISBURSEMENTS — SERVICES RENDERED BEFORE THE ASSIGNEE WAS CHOSEN.

At the time an assignee in bankruptcy was elected, suits were pending against the bankrupts, in which suits counsel employed by the bankrupts had rendered services. Such counsel afterwards presented to the assignee, to be paid out of the estate, a bill for services, which the assignee paid, and he claimed to be allowed for the amount in his accounts as assignee. All the services were either rendered before the assignee was elected, or it did not appear that they were rendered under employment by the assignee: *Held*, that, under general order No. 30, no allowance could be made to the assignee for the fees of counsel for the services in question, although such services were more or less beneficial to the creditors and the assignee, and were services proper and necessary to be rendered, on the procurement of the bankrupts.

[See note at end of case.]

In this matter, a bill of fees for services and disbursements of counsel in various actions which were pending in the courts of the state against the bankrupts [Max Hamburger and Berthold Frankel] at the time of the election of the assignee, had been presented to the assignee and paid by him. The question of the allowance of the bill was referred to the register, who reported in favor of the allowance of the bill, and the report was presented to the court for approval.

Marks & Russell, in person.
W. F. Scott, for the assignee.

BLATCHFORD, District Judge. The terms of general order No. 30 must govern the question. It declares that "no allowance shall be made against the estate of the bankrupt for fees of attorneys, solicitors or counsel, except when necessarily employed by the assignee, when the same may be allowed as a disbursement." The principle adopted by the register is, that the services for which he thinks an allowance should be made were more or less beneficial to the creditors and the assignee, and were services proper and necessary to be rendered, on the procurement of the bankrupts. This would be a very proper consideration were it not for the express language of general order No. 30, which was manifestly intended to exclude the exercise of all discretion by the court in cases of this kind. The assignee was not elected till January 18th, 1875, and the papers do not show that the assignee gave any instructions to the counsel who make this claim, in regard to any pending suit, so as to warrant the court in considering that the assignee employed such counsel, until the 8th of February, 1875. The register reports that the counsel "were directed by the counsel for

the assignee to continue such of said suits as were pending at the time of the appointment of said assignee." The testimony to which he refers to support this view, is the evidence of Mr. Marks; but that evidence only states that the counsel were instructed to continue the defence in one action—that brought by Smith. This instruction, according to the papers, was given February 8th, 1875. All of the services for which the register has allowed, except those in the action by Smith, were either rendered before the assignee was elected, or it is not shown that they were rendered under employment by the assignee. The services in the action by Smith were all of them rendered prior to February 8th, 1875.

I do not see on what principle the $20.80 paid as a disbursement in a suit in the state court, in September, 1874, can be allowed. The $122.35, paid as disbursements in the bankruptcy proceedings, is allowed, with the costs of the reference.

[In Re Hamburger, Case No. 5,971, Blatchford, District Judge, defined the proper charges of a register under general order No. 30. The same judge also held (Case No. 5,975) that the assigned estate was liable for reasonable rent for premises occupied by the assignee.]