## Case No. 6,215.

### In re HATJE.

**[6 Biss. 436;[1] 12 N. B. R. 548.]**

District Court, E. D. Wisconsin. Sept., 1875.

ATTACHING CREDITOR MAY CONTEST ADJUDICATION — COSTS OF ATTACHMENT PROCEEDINGS — EVIDENCE—LETTERS TO THIRD PARTIES—NON-PROVABLE DEBT.

1. An attaching creditor, though not a party to bankruptcy proceedings, may contest adjudication on the ground that the requisite number and amount of creditors have not joined in the petition.

[Cited in Re Williams, Case No. 17,706; Re Scrafford, Id. 12,557. Distinguished in Re Jewett, .Id. 7,305; Cited in Re Jonas, Id. 7,442.]

2. Costs of attachment proceedings do not constitute a demand against a debtor which can be included in estimating the amount of his provable debts, nor will such costs be paid from the funds of the estate unless such proceedings were auxiliary to contemplated bankruptcy proceedings and beneficial to the estate.

[Cited in Re Broich, Case No. 1,921; Re Austin, Id. 662.]

3. Letters written by the debtor to third parties, admitting the payment of a claim, are admissible in evidence in a contest between attaching and petitioning creditors, where the former attempt by interposing such claim to defeat adjudication.

4. A claim for money loaned to a debtor to aid him in the commission of an act of bankruptcy cannot be included among his provable debts.

[Cited in Re Broich, Case No. 1,921.]

In bankruptcy.

Cotzhausen, Sylvester & Scheibor, for petitioning creditors.

Cottrill & Cary, for attaching creditors.

DYER, District Judge. On the 24th of April, 1875, certain creditors of Albert W. Hatje filed a petition that. he might be adjudicated a bankrupt. The principal act of bankruptcy charged, was that the debtor had departed from the state with intent to defraud his creditors. On the 3d of May, 1875, Smith, Chandler & Co., creditors of said Hatje, who had, by virtue of process issuing from the state court, attached a stock of goods left by the debtor, moved to set aside the petition, alleging that this court had not jurisdiction to entertain the bankruptcy proceeding. This motion was supported by an affidavit setting forth that at the time the petition was filed, the debtor was indebted to one H. P. Hatje, in the sum of five hundred and ninety-five dollars for money borrowed; and it appearing that neither H. P. Hatje nor Smith, .Chandler & Co. had joined in the petition for adjudication, it was contended that the aggregate .amount of the debts held by the .petitioning creditors did not equal one-third of the provable debts of the debtor. Objection was made by the petitioning creditors to the right of the attaching

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

creditors to make the motion or to resist adjudication on the ground mentioned, neither Albert W. Hatje nor H. P. Hatje appearing. Notwithstanding some conflict in the authorities on the question, I held that the attaching creditors stood in such relation to the property of the debtor, and had such an interest in the pending proceedings, that they had a right to appear and contest adjudication upon the jurisdictional point named. This ruling I regarded as sustained by In re Boston, H. & E. R. Co. [Case No. 1,677]; In re Derby [Id. 3,815]; and Clinton v. Mayo [Id. 2,899]. The question has since been similarly decided by Judge Brown in Re Bergeron [Id. 1,342].

Having determined that the attaching creditors had a right to be heard upon the issue presented, an order was made directing the debtor to file a list of his creditors; but no list being filed, the case was referred to the register, to take proofs on the question whether the debts represented by the petitioning creditors amounted to one-third of the provable debts of the debtor. At the hearing before the register, the attaching creditors made proof of their own claim, amounting to $678.32, and interposed the claim in favor of H. P. Hatje, and also the costs of the attachment proceedings commenced by them in the state court, as provable demands against the debtor. Treating the demands in favor of the attaching creditors and of H. P. Hatje as subsisting provable debts, it resulted that the requisite amount of debts was not represented by the petitioning creditors. But the register rejected the claim in favor of H. P. Hatje as paid and no longer subsisting, and, including the costs of the attachment proceedings as provable, found and reported that the aggregate debts held by the petitioning creditors constituted one-third of all the provable debts of the debtor. To this report the attaching creditors filed exceptions.

I. The position taken preliminarily by counsel for petitioning creditors, that there was collusion between the debtor and the attaching creditors, and that the former procured his property to be taken on legal process, with intent to give the latter a preference, is not sustained by the evidence. The proofs are, that within a day or two after the debtor absconded, he wrote a letter to a personal friend who was salesman for Smith, Chandler & Co., informing him of his departure, and requesting him to take the goods and do the best he could with them. Knowledge that Hatje had absconded being communicated to Smith, Chandler & Co., probably by the salesman, they began legal proceedings by attachment.. There is no evidence of collusion, or even concerted action between the parties. The attaching creditors, as they had a right to do, merely endeavored by the usual legal proceedings to reach the property of an absconding debtor.

II. The register erred, I think, in allowing the costs of the attachment proceeding as a demand against the debtor, in estimating the amount of his provable debts. The costs incurred by the attaching creditors in their legal proceedings, which were not then concluded, did not in my judgment constitute a debt within the meaning of the bankrupt law [of 1867 (14 Stat. 517)], which should be considered in ascertaining the amount of debts owing by the debtor when the petition was filed. In the language of some of the cases, they are not a debt of the bankrupt, for they were not incurred for his benefit or at his request. In re Davenport [Case No. 3,586]; In re Preston [Id. 11,394]. I have held, and I think it is the only safe and correct rule, that even upon applications for the payment of such costs from the estate of the bankrupt, payment will not be ordered, unless it be shown that the attachment proceedings were auxiliary to contemplated bankruptcy proceedings, and beneficial to the estate. This is the rule adopted and enforced by Judge Longyear. In re Ward [Id. 17,145]. See, also, Gardner v. Cook [Id. 5.226].

III. The validity of the demand in favor of the attaching creditors is not disputed. The contest here is upon the alleged claim in favor of H. P. Hatje, who is the father of the debtor. It is a claim not personally asserted by H. P. Hatje, nor resisted by A. W. Hatje, for neither of these parties appear. It is presented by the attaching creditors and contested by the petitioning creditors. The proof satisfactorily shows that originally there was a genuine indebtedness for $600, owing by the debtor to his father. A small payment was made upon it, leaving due $595. The question is, was a preferential payment of the balance of this debt made, at or about the time the debtor absconded? To show such payment, the petitioning creditors rely upon certain letters written by the debtor at Chicago and San Francisco, since he absconded, to third parties in Milwaukee. These letters contain important disclosures concerning the object and circumstances of the writer's departure, and reveal strong indications that one of the purposes of his flight was to save money for his father. But it is earnestly contended that these letters are not admissible in evidence, and when the point was first made I doubted their admissibility. The fact, however, must not be ignored, that the letters are the declarations or admissions of a party to the record—the debtor proceeded against. The admissions relate to a claim against himself in favor of one supposed creditor, but interposed by other creditors and resisted by the petitioning creditors. All are parties to a proceeding which is something more than a mere suit between the creditors petitioning, and the debtor. "It rather partakes of the nature of a proceeding in rem," and all creditors are parties in interest. In re Boston, H. & E. R. Co. [supra].

It is a well-settled principle, that the dec-

larations of a party to the record, or of one identified in interest with him, are, as against such party, admissible in evidence. Now in this case the attaching creditors are interposing a supposed claim held by another alleged creditor against the debtor to defeat adjudication. Here is, to some extent at least, identity of interest, and although the attaching creditors, by reason of their interest, are permitted to appear, and to the extent of their individual interest do independently appear and contest this proceeding, they nevertheless, so far as the creditors concerned are interested in having an adjudication, represent the debtor, and speak as well for him as for themselves in setting up this claim. It is right, therefore, that they should abide by the admissions of the debtor, and in this state of the case I do not discover that it is a violation of rules of evidence to permit them to stand as testimony on the point involved. If H. P. Hatje were prosecuting the claim, and the debtor were seeking to defeat it, his admissions of its validity would be competent evidence to support it. His admissions of its payment are, I think, likewise admissible in this controversy. where creditors struggling to maintain a preference by attachment are endeavoring to defeat adjudication of their debtor as a bankrupt by asserting this claim to be a subsisting unpaid demand. These letters show, I think, that at or about the time the debtor left, he paid his father $500 on the demand in question. In one of them he says that he had to leave as the only way to save at least the greatest part of the money for his father. Again he says, in order to do this, he was obliged to let other creditors lose, and speaks of the necessary secrecy of his departure. The letters, taken together, show a payment of $500, that he borrowed $50 from his father for the journey, and that he still owes him $150, the $50 being part of that amount. This state of facts presents the question whether there is any part of this $150 which ought not to be counted, in estimating the amount of the debtor's provable debts. Apart from the question whether the balance of the debt of $595 yet unpaid is provable (the creditor having received a partial payment under the circumstances named), I can have no doubt that the debt of $50, created in aid of the debtor's flight, is not provable. To depart from the state with intent to defraud creditors is an act of bankruptcy. To furnish a party with money for the purpose of aiding him in committing the act, is to participate in the fraud. To permit a party thus to assist another in the commission of an act of bankruptcy, and then to allow him to assert his claim for money thus furnished as a provable debt, and thereby defeat bankruptcy proceedings. would simply give legal effect to a fraud. Counsel for the attaching creditors urge that it is not proven that H. P. Hatje knew the purposes for which the debtor borrowed this $50. The testimony shows that the debtor secretly absconded, going first to Chicago, thence to San Francisco; that he left behind him unpaid debts; that he provided for the payment of his father's claim to the extent that he was able, and that this was one of the purposes of his departure; that his family accompanied him; that H. P. Hatje, the father, also left Milwaukee; that a few weeks before leaving he stated that his son was to pay him his money, or part of it, and that he was going to Germany, and one of the letters written by the debtor distinctly states that his parents went away with him. Unless all inferences from this testimony be dispensed with, the conclusion is unavoidable, that H. P. Hatje must have known the purpose for which the $50 was borrowed from him by his son. It is true that fraud is not to be presumed, but fraud may be shown by circumstances. The circumstances here satisfy my mind upon the point. As to the amount of fifty dollars loaned by H. P. Hatje to the debtor, the case "falls within the principle of the maxim ex turpi causa, non oritur actio." In re Stephens [Case No. 13,365]. Whether the remaining one hundred dollars of the original indebtedness is provable, the debt being single and entire, and a payment in preference having been made upon it, it is not necessary to decide. Classing it with the claim of the attaching creditors as provable, but rejecting the item of fifty dollars before referred to, the claims of the petitioning creditors amount to more than one-third of all provable debts. Exceptions to register's report are overruled and order of adjudication will be entered.