## In re J. C. WARD & Co., Bankrupts.

### (District Court, W. D. Tennessee. May 11, 1882.)

1. BANKRUPTCY—CREDITORS' PETITION—DORMANT PARTNER—COMMENCEMENT OF PROCEEDING.

   Where an involuntary petition was filed against two persons as partners, and subsequently an amended petition was filed against a third person as a dormant partner, *held* that, as to the proof of individual debts against the dormant partner, the date of the amended petition must be taken as the commencement of the proceedings in bankruptcy against him, and not the date of the original petition by relation.

2. SAME—PROOF OF DEBTS—WHEN PROVABLE.

   Section 19 of the original act of 1867 (14 St. at Large, 525) made the time of the adjudication the decisive time when the debt must be then existing to be provable, but section 5067 of the Revised Statutes has changed it to the time of the commencement of the proceedings in bankruptcy, and therefore no debt created subsequently to the date of the petition can be now proved against the estate of the bankrupt.

3. SAME—ATTORNEY'S FEES.

   The fees of an attorney for resisting an involuntary adjudication and preparing the schedules cannot be proven as a debt against the bankrupt unless the retainer was prior to the date of the filing of the bankruptcy petition; nor can they be now allowed as costs against the estate.

*Myers & Sneed* and *Calvin F. Vance*, for creditors.

*Estes & Ellett*, contra.

HAMMOND, D. J. The register has overruled exceptions to the claim for the attorney's fee for professional services for resisting the decree of adjudication of one of the bankrupts, and by consent the validity of his action in allowing the claim is submitted to the court informally as if properly presented under rule 34 and the practice of the court.

An involuntary petition was filed by creditors against J. C Ward and J. F. Holst, as partners, and they were adjudicated bankrupts without contest. Subsequently, it being claimed that Mrs. Margaret Holst was a partner in the firm, a supplemental petition was filed against her. She denied being a partner, but on the trial of the

issue it was decided against her, and she was adjudicated. *Re Ward*, 7 Rep. (Boston,) 136; 25 Int. Rev. Rec. 289.

For their services in that behalf her attorneys have proved their claim against her estate, and demand payment as individual creditors of their *pro rata* share of her assets, and it is this claim which other creditors oppose. They contend that even if the time of adjudication is to be taken as that by which the provability of a debt is to be determined, that being a member of the firm of J. C. Ward & Co. the adjudication of Mrs. Holst must relate back to that of the adjudication of the firm, or the filing of the original petition in bankruptcy, and that this is a subsequently-accruing debt which cannot be proven.

In *Sherman* v. *International Bank*, 8 Biss. 371, it was held that an amendment of the petition related back to the commencement of the original proceeding, but the court was careful to observe that there might be circumstances where this doctrine of relation should not be applied, and it is manifest that this must be so. The commencement of proceedings is the most important point of time in the whole bankruptcy system, and has an immense bearing on the rights of all the parties. Here was an unknown partner—one held to be a partner under the law of the case, perhaps against her own will, or at least against her own knowledge—who was not originally proceeded against, and the question is whether the date of the petition against her is to control in determining the rights of the parties interested, or, by relation, that of the original proceeding against the firm.

However it may be as to firm assets and firm creditors, and rights growing out of the proceeding in its relation to the title of the assignee to property involved, either firm property or her individual property, and as to which I do not now express any opinion, it is quite clear that for the purposes of this controversy over an individual claim against her the date of the petition against her is the point of time when the proceeding must be taken to have been commenced. Without elaborating the question it is obvious that this is in accordance with all the analogies of the law in cases where the doctrine of relation applies to commencement of suits, services of process, and the like.

Under section 19 of the original bankrupt act it was provided "that all debts due and payable *at the time of the adjudication* of bankruptcy, and all debts *then* existing, etc., may be proved against the estate of the bankrupt." 14 St. at Large, 525. There was a conflict in the courts as to the proper construction of this section. In

the case of the *New York Mail Steam-ship Co.* 2 N. B. R. 554,—a case precisely like this, and on the authority of which, no doubt, the register allowed this claim,—it was held that the fee was provable against the estate, because it existed at the date of the adjudication, and all claims then existing were provable. This construction was followed in *Re Hennocksburgh,* 7 N. B. R. 37; S. C. 6 Ben. 150; and, perhaps, in other cases. But in *Re Crawford,* 3 N. B. R. 698, and in *Re Nounnan,* 7 N. B. R. 15, 22, the correctness of this construction, notwithstanding the plain language of the statute, was denied on grounds that are not without great force. But since these decisions the language of the statute has been changed, no doubt to settle the conflict, and since the amendments of 1874 the section has been made to read thus: "All debts due and payable from the bankrupt *at the time of the commencement of the proceedings in bankruptcy,* and all debts *then* existing, etc., may be proved against the estate of the bankrupt." Rev. St. § 5067. And it is imperatively provided that "no debts other than those specified in the five preceding sections shall be proved or allowed against the estate." Rev. St. § 5072. This must settle this controversy in favor of the objecting creditors, and the claim must be disallowed, unless the retainer was prior to the date of the petition against Mrs. Holst.

The old cases allowed a reasonable compensation to both the attorney for the petitioning creditor and the resisting bankrupt out of the fund, particularly where the latter's services were beneficial to the estate; but this practice was designedly abrogated by a rule of the supreme court, and it is not claimed by counsel in this case. *Re Lloyd,* 7 Fed. Rep. 459, was the case of a claim for services to the petitioning creditor, but it applies as well to the rule that allowed the resisting bankrupt for counsel fees, as both stood on the same footing. See cases in note appended.

Disallow the claim.

This case being again sent to the register, the attorneys proved that they were, in fact, retained prior to the filing of the bankruptcy petition against Mrs. Holst, and thereupon the register allowed their claim, which, on exceptions, the court sustained, saying: "When this case was before heard, it occurred to me as highly probable that the retainer was prior to the filing of the amended petition, inasmuch as Mrs. Holst's connection with the bankrupt firm was established on the peculiar facts developed on the trial of that issue, and I had that state of the case in my mind upon that investigation, and came to

the conclusion that if the contract for services in defending it was made prior to filing the amended petition against her, it would be provable. I have not a doubt, on this proof, that such was the fact, and the action of the register in allowing the claim will be sustained."

*May 24, 1882.*                                                    HAMMOND, J.

NOTE. Consult Bump, Bky. (10th Ed.) 82, 572, and notes; *Re Patterson,* 1 N. B. R. 125; *Re Williams,* 2 N. B. R. 229; *Re Williams,* Id. 83; *Re Bigelow,* Id. 371; *Re Waite,* Id. 452; *Re Schwab,* Id. 488; *Re Montgomery,* 3 N. B. R. 137; *Re Brown,* Id. 584; *Re New York Mail Steam-ship Co.* Id. 627; *Re Sawyer,* 5 N. B. R. 54; *Re Comstock,* Id. 191; *Re Jaycox,* 7 N. B. R. 140, 142; *Re Riggs,* 8 N. B. R. 90, 92; *Re Andrews,* 11 N. B. R. 59; *Re Portsmouth Savings Society,* Id. 303; *Re Riker,* 18 N. B. R. 393; *Re Orne,* 1 N. B. R. 57; S. C. 1 Ben. 361; *Re Bigelow,* 3 Ben. 146; *Re Bruce,* 6 Ben. 515; *Re May,* 7 Ben. 231; *Re Hamburgher,* 8 Ben. 189; *Re Hatje,* 6 Biss. 436; *Triplett* v. *Hanley,* 1 Dill. 217; *Re Commercial Bulletin Co.* 2 Woods, 220; *Bailey* v. *Loeb,* Id. 578; *Wylie* v. *Smith,* Id. 673.

