## In re COBURN et al.

(District Court, D. Massachusetts. December 3, 1903.)

### No. 7,916.

1. BANKRUPTCY—PETITION—JOINDER OF CREDITORS—NUMBER—DETERMINATION
   —TIME.
   Whether the number of creditors of an involuntary bankrupt is less than 12, so as to entitle a single creditor to file an involuntary bankruptcy petition, as authorized by Bankr. Act July 1, 1898, c. 541, § 59, cls. "b" and "d," 30 Stat. 561, 562 [U. S. Comp. St. 1901, p. 3445] is to be determined as of the date of the petition.

2. SAME—NUMBER OF CREDITORS.
   In determining whether the number of creditors of a bankrupt was less than 12, so as to entitle a single creditor to sign an involuntary bankruptcy petition, creditors induced not to join by the voluntary assignee of the alleged bankrupt, acting in behalf of creditors, and not as the agent of the creditor signing the petition, should be counted.

3. SAME—WITHDRAWAL FROM PETITION.
   Where a corporation authorized its agent to assent to an alleged bankrupt's assignment, on a condition which was complied with, and the assent was made by the agent, but not under seal, and the agent had no authority to execute any instrument under seal, and thereafter the corporation, forgetting such assent, joined in a bankruptcy petition against the debtor, and thereafter ratified the act of its agent under seal, and applied to withdraw from the bankruptcy petition on the ground that it joined therein under a mistake of fact, such application should be granted.

In Bankruptcy.

Morse & Friedman, for petitioning creditors.
Chas. K. Cobb, for common-law assignee.

LOWELL, District Judge. The original involuntary petition filed by one creditor alleged that the number of creditors was less than 12. The act of bankruptcy alleged was a general assignment. The respondent in his answer set out that the number of creditors was more than 12, and he subjoined in proper form a list of 32. One undoubted creditor has since joined in the petition; two others have filed appearances, and have at some time sought to join, but the efficacy of their joinder is contested by the respondent. Between the filing of the petition and the hearing, 13 of the 32 creditors named assented to the voluntary assignment. Since the filing of the petition and before the hearing—for the most part before the answer—some 13 other creditors had assigned their claims to employés and friends of Bartlett, the voluntary assignee. Bartlett procured the purchase and assignment of these claims. In one or two cases his action may have been tantamount to payment. The assignees expected Bartlett to reimburse them in case of loss, and by his conduct he became morally, though perhaps not legally, bound to do so. Several questions are presented:

First, were there less than 12 creditors within the meaning of the Bankruptcy Act July 1, 1898, c. 541, § 59, cls. "b" and "d," 30 Stat. 561, 562 [U. S. Comp. St. 1901, p. 3445]? Counsel for the respondent contended that the number of creditors within the purview of the statute should be reckoned as of the date of the petition. If any other date be taken, he pointed out that neither petitioner nor respondent can tell how his case stands. If the reckoning be made as of the date of the hearing, 1 of 11 creditors at the time of the petition may have split his one claim into several before the hearing, thus defeating the petition. The splitting may have been in good faith; it may even have been involuntary. On the other hand, 2 of 12 creditors at the time of the petition may have united their claims into one before the hearing, thus enabling the petitioner to succeed where he would otherwise have failed. A debt incurred since the filing of the petition cannot ordinarily be proved (see section 63, c. 541, Bankr. Act July 1, 1898, 30 Stat. 562, 563 [U. S. Comp. St. 1901, p. 3445], and Form 32, 89 Fed. xliii, 32 C. C. A. lxvii), and therefore cannot be the basis of a petition in bankruptcy. Tender of payment to a petitioning creditor does not defeat the petition. Lowell, § 54. If a debt incurred since the petition cannot be proved, and if a petition based upon a debt cannot be defeated by payment of the debt, it is analogous to fix the number of creditors as of the date of the petition. This is also to follow the analogy of other legal proceedings. In most respects, the validity of a plaintiff's case is determined as of the date of bringing suit. There are exceptions to this rule, but they seem inapplicable here.

If the number of creditors be reckoned as of the date of the petition, the subsequent acts of the creditors and of the voluntary assignee need not be considered. Even where creditors were led not to join in the petition by the inducement of the respondent himself, it has been held that they should be reckoned for the purpose of section 59d. In re Brown (C. C.) 111 Fed. 979. In the case at bar the solicitation was that of the voluntary assignee, and, though he was

for some purposes the agent of the respondent, it is not shown that he acted as agent in the solicitation, and I rather infer that he acted as a creditor or in behalf of creditors. Had the creditors been induced by Bartlett, through payment of money or otherwise, not to join in the petition, they would still be reckoned among the number of creditors. That in addition they have transferred their claims to Bartlett's assignee does not help the petitioner. I hold that there were more than 12 creditors, so that 3 must join to validate the petition. Have three creditors joined in the petition? Two are undisputed, two others are in dispute. The Tripp Giant Leveller Company was a creditor. Its proper officers authorized Adams to assent to the assignment upon a condition which was complied with. Adams assented, but not under seal, and indeed he had no authority to execute any instrument under seal. Forgetting the assent, the Tripp Company joined in the petition. Then it ratified under seal the act of Adams, and finally it seeks to withdraw its joinder. Even if Adams' original assent was invalid, yet the joinder in the petition was under a misunderstanding of fact, and withdrawal of the joinder is not necessarily governed by In re Cronin (D. C.) 98 Fed. 584. A creditor misled may be permitted to withdraw. In re Heffron, Fed. Cas. No. 6,321; In re Sargent, Fed. Cas. No. 12,361. Here there was no misleading by the petitioner, but there was mistake of fact. If, as I hold, the court has discretion, that discretion should here be exercised by granting the motion of the Tripp Company to withdraw from the petition. The claim of Fogg, assignee of the Manufacturers' Die Company, does not avail the petitioner, as the assignor was not the real creditor.

That the bankruptcy of a firm doing a large business should be made to depend upon the existence and disposition of a dozen creditors, all whose claims, added together, do not amount to $100, is not satisfactory. The claims may have been created for the purpose of affecting the proceedings; they may be bought or otherwise controlled at an expense quite trifling compared to the interests involved; but the law gives them importance. Congress has seen fit to require in most cases that three creditors shall join in order to make an involuntary petition effective, and this provision may well have been inserted in the law because Congress thought it inadvisable that one or two creditors, however important, should be permitted to put a debtor into bankruptcy against the wish of all other creditors. Here all the considerable creditors but two appear to be opposed to the adjudication.

Petition dismissed, but without costs.