In re ADAMS.

(District Court, D. Massachusetts. May 20, 1904.)

No. 7,207.

1. BANKRUPTCY—PROVABLE DEBTS—TIME OF ACCRUAL OF CLAIM.
   A claim against a bankrupt for work done under a contract after the filing of the petition cannot be proved as a debt against the estate, although the contract was entered into prior to the filing of the petition, but was at that time wholly executory.

In Bankruptcy. On review of decision of referee.

Charles A. McDonough, for creditors.
Charles A. Castle, trustee, pro se.

LOWELL, District Judge. Before bankruptcy the creditors here seeking to prove had contracted with the bankrupt to build for him cer-

tain houses at a price to be paid from time to time during construction. No work had been done under the contract before the petition in bankruptcy was filed. Thereafter, and before adjudication, the creditors, in ignorance of the pending petition, furnished materials and labor under the contract. For this they seek to prove. But a creditor cannot prove for an indebtedness arising between the filing of the involuntary petition and adjudication. This appears from the analogy of section 63a (1), (2), (3), and (5), as applied to the interpretation of clause (4), Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]. In clauses (1) and (4), for example, the limit of time must be the same, inasmuch as clause (4) includes clause (1), and, if clause (4) were less limited in point of time, the limit imposed upon clause (1) would become nugatory. See In re Swift, 112 Fed. 316, 321, 50 C. C. A. 264. The same result is indicated by the analogy of section 59b, d, and f. Can it be supposed that these creditors could have joined in an involuntary petition? See In re Coburn (D. C.) 126 Fed. 218; Forms 31–36, 59; In re Burka (D. C.) 104 Fed. 326; Brandenburg on Bankruptcy, §§ 978, 984; Collier on Bankruptcy (4th Ed.) p. 443; Loveland on Bankruptcy, § 109; In re Garlington (D. C.) 115 Fed. 999; In re Bingham (D. C.) 94 Fed. 796. The construction just stated was that put upon section 19, Act March 2, 1867, c. 176 (14 Stat. 525), first by the courts (In re Patterson, Fed. Cas. No. 10,815; In re Crawford, Id. 3,363; In re Ward [D. C.] 12 Fed. 325; In re Nounnan, 7 N. B. R. 15), and then by Congress (Rev. St. § 5067). Yet the language of that act seemed explicit in the other sense—"all debts due and payable from the bankrupt at the time of the adjudication in bankruptcy." If there be anything to the contrary in Re Hinckel Brewing Co. (D. C.) 123 Fed. 942, I am not able to agree with it. That the bankrupt estate were liable for the rent of premises occupied by the receiver in bankruptcy is plain. This was part of the receiver's expenses in administering the estate. But that a landlord, as an ordinary creditor, can prove against the bankrupt estate for rent falling due between the filing of the petition and adjudication, I do not believe. The cases cited do not support the proposition, and, as adjudication, ipso facto, does not ordinarily terminate a lease, the latter part of the argument is not applicable. The creditors here urge that adjudication does not necessarily follow upon a petition in bankruptcy, and that they could not be expected to suspend work under an executory contract in order to await for weeks and months a decision upon a creditor's petition. Their inconvenience, though real, cannot control the general principles governing the proof of debts under the existing bankrupt act. Similar laws in other jurisdictions have fixed different limits of the right to prove. See Williams on Bankruptcy, p. 114; Rev. Laws Mass. c. 163, § 31. But with these we need not concern ourselves.

The creditors seek also to prove their damages for breach of the executory contract. If the contract was broken at or before bankruptcy, they can prove. In re Stern, 116 Fed. 604, 54 C. C. A. 60. It seems that this contract was broken by bankruptcy as of the date of filing the petition. In re Swift, 112 Fed. 316, 50 C. C. A. 264. The damages have been liquidated by agreement of parties.

The judgment of the referee is affirmed in both respects.