### COLMAN CO. v. WITHOFT.

### In re SWEENEY.

(Circuit Court of Appeals, Ninth Circuit.   April 1, 1912.)

#### No. 1,946.

1. BANKRUPTCY (§ 421*)—CONTRACTS OF BANKRUPTS—EFFECT OF ADJUDICATION.

An adjudication of bankruptcy does not dissolve contractual relations between the bankrupt and others, and claims arising out of such contracts subsequent to the filing of the petition, which do not constitute provable debts at that time, remain subsisting obligations of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§   772–774, 776, 777, 779–786;   Dec. Dig. § 421.*]

2. BANKRUPTCY (§ 318*)—PROVABLE DEBTS—RENT ACCRUING AFTER BANKRUPTCY.

While a contract to pay rent under a lease is not terminated by bankruptcy, the rent thereafter to accrue is not a provable debt against the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

3. BANKRUPTCY (§ 316*)—PROVABLE DEBTS—CONTINGENT CLAIMS.

Bankrupt and claimant were jointly liable for the rent of property under an unexpired lease.   Prior to the bankruptcy they agreed between themselves that claimant should procure a cancellation of the lease, if it could be done for a certain  bonus, and that bankrupt should reimburse it for one-half the amount paid out for that purpose.   After the filing of the petition, claimant paid a month's rent, and also procured a cancellation of the lease, and paid a lump sum, within the agreement, therefor.   Held, that a claim for one-half of said sums was not a debt due and owing at the time of the filing of the petition, but was then wholly contingent, and was not provable under Bankr. Act July 1, 1898, c. 541, § 63a (4), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 474–477; Dec. Dig. § 316.*]

Appeal from the District Court of the United States for the Northern District of California.  ·

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of Frank H. Sweeney, bankrupt. From an order rejecting a claim, the Colman Company appeals. Affirmed.

On March 31, 1909, Frank H. Sweeney filed his voluntary petition in bankruptcy, and on April 1, 1909, he was adjudged a bankrupt. He and the Colman Company, a corporation, were jointly liable on a lease of a building, and at the time of the adjudication in bankruptcy the lease had not expired. On February 18, 1908, the Colman Company and the bankrupt entered into an agreement whereby each assumed as between themselves a several liability for one-half of the rental reserved in the lease. Later, and before the petition in bankruptcy was filed, they entered into a second agreement, in which it was provided that the Colman Company should procure, if possible, from the lessors, a rescission of the lease, and that to obtain such rescission the Colman Company might pay not to exceed $100 per month for each month of the unexpired term, and that the bankrupt would pay to Colman & Co. one-half the amount so paid by it, or agreed to be paid by it, as the consideration for such rescission. After the filing of the petition the Colman Company paid the rental which accrued for the month of April, 1909, in the sum of $350, and on April 27, 1909, it made an agreement with the lessors, whereby, in consideration of $2,400 paid by it, the lease was canceled. For one-half of these sums, to wit, $1,375, the Colman Company filed its claim against the bankrupt's estate. The trustee rejected the claim, but the referee overruled the objection and allowed the claim. On the trustee's petition for a review, the referee's order was overruled by the District Court, and the claim was ordered disallowed. From that order the present appeal is taken.

Joseph C. Meyerstein, for appellant.

Joseph Kirk, J. M. Rothchild, H. L. Rothchild, I. M. Golden, and J. A. Pritchard, for appellee.

Before GILBERT and MORROW, Circuit Judges, and HANFORD, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The date of filing the petition in bankruptcy is intended to mark the line of separation between debts that are provable and those that are not provable against the bankrupt's estate. Those that are not provable remain subsisting obligations of the bankrupt, and he is not released therefrom by his discharge. The adjudication of bankruptcy does not dissolve contractual relations between the bankrupt and others. It takes from him his property and devotes it to the payment of debts which are provable under sections 63a and 63b of the bankruptcy act, but it does not absolve him from the obligations of contracts. Remington on Bankruptcy, § 2729, and cases there cited.

[2, 3] While a contract to pay rent under a lease is not terminated by bankruptcy, the rent thereafter to accrue is not a provable debt against the estate. Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719; In re Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270; Atkins v. Wilcox, 105 Fed. 595, 44 C. C. A. 626, 53 L. R. A. 118; In re Rubel et al. (D. C.) 166 Fed. 131; Loveland on Bankruptcy (3d Ed.) 365. But the claim of appellant in this case, although it had its origin in the obligation of the bankrupt to pay rent which accrued after the filing of the petition, is not, as it is presented, a claim for rent; but it is one that arises out of the contract of two lessees, jointly liable for rent, whereby one thereof, the bankrupt, agreed to reimburse the other for all the payments

which it might make in excess of one-half of the rental, and to pay it one-half of such sum as it might be required to pay in gross, not to exceed $100 per month for the unexpired term, to obtain a rescission of the lease. Is such a claim provable against the estate?

It is held by the decided weight of authority that subdivisions 1 and 4 of section 63a of the Bankruptcy Act are in pari materia, and that the words "absolutely owing at the time of the filing. of the petition against him" are to· be read into subdivision 4. In re. Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270; In re Swift, 112 Fed. 315, 50 C. C. A., 264; In re Adams (D. C.) 130 Fed. 381; In re Burka (D. C.) 104 Fed. 326. It is apparent that the appellant's claim was not a debt due and owing at the time when the petition was filed, but that it was contingent; that is to say, all the facts necessary to be shown to establish the bankrupt's liability to the claimant had not occurred before the petition in bankruptcy was filed.

"Where ·a liability of the bankrupt is not fixed, so that it can be liquidated by legal proceedings· instituted at the time of bankruptcy, it is not a debt. It is. deemed so far contingent that it cannot be proved in bankruptcy, nor is it released by the bankrupt's discharge. A sum of money payable upon a contingency is .not provable because it does not become a debt until the contingency has happened." Loveland on Bankruptcy (3d Ed.) 342.

In Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084, it was said:

"We do not think that by the use of the language in section 63a it was intended to permit proof of contingent debts or liabilities or demands, the valuation or estimation of which it was substantially impossible to prove."

At the time when the petition was filed, not only was the bankrupt not indebted to the appellant, but it could not then be known that he ever would be indebted to it, either for money to be paid for rent or for money to be paid for the rescission of the lease. As far as the rent was concerned, there were the contingencies that the lessee might cancel the lease, or that the trustee in bankruptcy might elect to pay the rent, or that the appellant might fail to pay more than its half thereof. As to the agreement looking to a rescission of the lease, there were the contingencies that the agreement, which was without consideration, might be revoked by either party thereto before it was acted upon, or that it might be impossible to secure rescission on the terms stipulated by the bankrupt.

The decision in Re Bingham (D. C.) 94 Fed. 796, is in point. At· the time of the filing of the petition in that case the bankrupt and one Hartshorn were jointly liable on a note to a bank, but as between themselves each owed one-half the amount due thereon. The bank proved its claim on the note, and the other party to the note thereafter took up the note and proved his claim against the estate. The court said:

"The bankrupt was bound to save him harmless from this part of the debt, and has not done so; but the indebtedness has occurred since the filing of the petition, and until that time Hartshorn had no provable claim on that account. By this bankruptcy act all claims. turn on their status at the time of the filing of the petition."

An apparent exception to the rule that contingent claims may not be proved under section 63a is the case of an indorser of the commercial paper of a bankrupt not due at the time of the filing of the petition, but whose liability as indorser thereafter becomes fixed. Moch v. Market Street Bank, 107 Fed. 897, 47 C. C. A. 49; In re Semmer Glass Co., 135 Fed. 77, 67 C. C. A. 551; In re Smith (D. C.) 146 Fed. 923. But it may be doubted whether the liability of an indorser in that class of cases is in any true sense contingent. The extent of his liability is at all times known, for it is measured by the note itself. Upon the adjudication of bankruptcy it would seem that there is an end to the contingency that the bankrupt himself may pay the note, and that there remains between that date and the maturity of the indorser's liability nothing but a question of time. But in any view of those decisions, they are not applicable to the present case, for here there was a contingency, not only as to the amount of the liability, but as to its existence.

The order of the District Court is affirmed.