### In re FRANK E. SCOTT TRANSFER CO.

### CHICAGO AUDITORIUM ASS'N v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit. January 15, 1914.)

No. 2020.

1. BANKRUPTCY (§ 318*) — EXECUTORY CONTRACT — ANTICIPATORY BREACH — PROVABLE DAMAGES.

Where the bankrupt contracted to furnish livery and baggage service at reasonable rates for an hotel association for five years and pay $21,000 for the privilege in monthly installments, but became bankrupt during the term, the hotel association was entitled to prove against the estate in bankruptcy a claim for damages predicated on the anticipatory breach of the contract, due to the bankrupt's inability to further perform.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

**2. BANKRUPTCY (§ 318\*)—CLAIMS PROVABLE—EXECUTORY CONTRACT—TERMINATION.**

Where a contract by a bankrupt to furnish livery and baggage service to a hotel association for five years and to pay $21,000 for the privilege provided that the association reserved the right to revoke the privileges by giving six months' notice in writing, such provision rendered the contract mutually obligatory only for a term of six months, so that, on the intervention of bankruptcy, the hotel association could claim damages only for that period.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.\*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

In the matter of bankruptcy proceedings of the Frank E. Scott Transfer Company. From an order of the District Court, confirming an order of the referee disallowing a claim filed by the Chicago Auditorium Association for damages arising out of alleged anticipatory breach of an executory contract, and allowing only a portion of the claim, on objections of the Central Trust Company of Illinois, as trustee of the bankrupt estate, the Chicago Auditorium Association appeals. Reversed.

This appeal is from an order of the District Court in bankruptcy, confirming an order of the referee, which disallows a claim filed by the appellant for damages arising out of alleged anticipatory breach of an executory contract entered into by the bankrupt, and allows only the portion of such claim as presented for $311.20, which had accrued under the contract when bankruptcy intervened.

The contract in question is thus described in the brief for appellant: "By the terms of said contract, entered into February 1, 1911, the association granted to the transfer company the exclusive baggage and livery privilege of the Auditorium Hotel, in the city of Chicago, for a period of five years from the date of the contract. This exclusive privilege was stated in the contract to consist of the sole and exclusive right, so far as it was within the legal capacity of the association to grant, to transfer and carry to and from the said hotel all articles of baggage, and all passengers and persons, and to furnish livery to the guests and patrons of the hotel. In consideration of this grant by the association, the transfer company agreed to furnish prompt and efficient livery and baggage service at reasonable rates during the continuance of the contract, and to pay the association the sum of $6,000 for the baggage privilege, and the sum of $15,000 for the livery privilege, a total of $21,000, payable in monthly installments of $350. This contract was carried out by both parties thereto, up to and including the date on which the petition in bankruptcy was filed against the transfer company."

This statement of the contract is incomplete, however, as it further provides, in favor of the appellant, as "party of the first part," as follows "The party of the first part, however, reserves the right, which is an express condition of the foregoing grants, to cancel and revoke either or both of said privileges, by giving six months' notice in writing of its election so to do, whenever the service is not, in the opinion of the party of the first part, satisfactory, or in the event of any change in management of said hotel; and in case of the termination of either or both of said privileges by exercise of the right and option reserved by this paragraph, such privilege or privileges shall cease and determine at the expiration of the six months' notice aforesaid, and both parties hereto shall in that case be released from further liability respecting the concession so canceled and revoked."

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rudolph Matz and Wm. D. Bangs, both of Chicago, Ill., for appellant.

C. J. Silber, of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

SEAMAN, Circuit Judge. [1] The single question for review on this appeal is whether the claim for damages, predicated on an alleged anticipatory breach of the executory contract in suit, constitutes a provable claim in bankruptcy. It does not appear to be met and answered by any decision of the Supreme Court called to our attention, and if not free from difficulty under various other authorities cited, we believe its solution lies within narrow compass—hinging upon the tenability of the appellant's contentions of the legal effect of the bankruptcy proceedings: (a) That they produced an anticipatory breach of the bankrupt's contract to furnish livery and baggage service as provided; and (b) thus created simultaneous liability of its estate in bankruptcy for damages so arising.

The general doctrine of anticipatory breach of an executory contract whenever the contractor disenables himself from performance is well established (Lovell v. St. Louis Life Ins. Co., 111 U. S. 264, 274, 4 Sup. Ct. 390, 28 L. Ed. 423; Roehm v. Horst, 178 U. S. 1, 7, 20 Sup. Ct. 780, 44 L. Ed. 953, and cases reviewed) and its application, when the contractor "becomes bankrupt and goes into liquidation," is upheld in Carr v. Hamilton, 129 U. S. 252, 256, 9 Sup. Ct. 295, 32 L. Ed. 669, in reference to a policy of life insurance, for the reason that the company thereby "becomes civiliter mortuus; its business is brought to an absolute end." It has likewise been pronounced applicable to an executory contract "broken by the insolvency of the railway companies and the appointment of receivers" thereof, whenever the receivers reject the contract, and that in such event the "rejection relates back to the beginning of the receivership." Pennsylvania Steel Co. v. New York City Ry. Co., 198 Fed. 721, 736, 744, 117 C. C. A. 503, 2d Circuit.

Upon the concrete question presented in this case, however, whether intervention of bankruptcy constitutes such breach for which damages are provable therein, considerable diversity appears in various rulings of the District Courts, as reported, in the administration of bankruptcy under the present acts, and it is contended for support of the ruling herein against that proposition that several decisions in the Circuit Court of Appeals of other circuits (Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719, 8th Circuit; In re Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270, 2d Circuit; Colman Co. v. Withhoft, 195 Fed. 250, 115 C. C. A. 222, 9th Circuit), disallowing claims for rent or damages accruing subsequent to bankruptcy under leases held by the bankrupt, are applicable and of controlling weight and force. On the other hand, two decisions of like appellate tribunals are cited (In re Swift, 112 Fed. 315, 50 C. C. A. 264, 1st Circuit; In re Neff, 157 Fed. 57, 84 C. C. A. 561, 28 L. R. A. [N. S.] 349, 6th Circuit) as direct authorities for upholding provability of the claim in controversy.

Laying aside for the moment the first-mentioned line of authorities and their distinction from the present issue, we proceed to consideration of In re Swift, supra, and In re Neff, supra, and the doctrine of anticipatory breach of contract arising from bankruptcy, upheld in both cases. In the Swift Case, the bankrupt as stockholder had purchased stocks for the claimant and was "carrying the same on margin," when the broker petitioned for adjudication as a bankrupt, after having made a voluntary assignment. The opinion delivered by Judge Putnam discusses the contentions whether the date or fact of voluntary assignment or of proceedings in bankruptcy was controlling, and rules, in effect, that the fact of voluntary assignment became immaterial, and that the issue of anticipatory breach rested on the legal effect of the bankruptcy proceedings—citing Lovell v. Ins. Co., supra, and other authorities. Thereupon it is held that proceedings in bankruptcy "rendered unnecessary a demand and tender," and the "proof of debt relates to the time when they were commenced"; that "the contract ripened simultaneously with the beginning of the proceedings in bankruptcy, as the consequence thereof in connection with the adjudication which followed." In the Neff Case the opinion is by Mr. Justice Lurton, then Circuit Judge, in reference to an executory contract on the part of the bankrupt to purchase certain stocks two years after date at a price named. Bankruptcy intervened before maturity, and claim was filed for recovery, under a stipulation of fact that the corporations issuing the stock "were insolvent before the bankruptcy of said Neff, and that this stock was of no value." The doctrine of anticipatory breach is defined (with numerous citations), and its application for allowance of the claim is then stated: "Bankruptcy is a complete disablement from performance, and the equivalent of an out and out repudiation, subject only to the right of the trustee, at his election, to rehabilitate the contract by performance"; and it is sufficient for allowance "that a claim becomes provable in consequence of bankruptcy." The opinion cites and approves the above-mentioned Swift Case, and the excellent opinion of Judge Lowell in the District Court, reported as In re Pettingill Co., 137 Fed. 143, 147.

We are of opinion that these decisions are well founded, both in their definition of the general doctrine referred to and in respect of the instantaneous effect of proceedings in bankruptcy for anticipatory breach of the unperformed contract, unless the trustee in bankruptcy elects performance thereof in the interest of the estate, and that it is equally applicable whether the proceedings are voluntary or involuntary, notwithstanding the distinction in that particular suggested in one or more of the District Court citations. Provability of the claim for damages rests on this instantaneous legal effect of the proceedings, as no subsequent breach can authorize the claim. It is thus brought within clause 4 of section 63a (Bankr. Act July 1, 1898, c. 541, 30 Stat. 562, 563 [U. S. Comp. St. 1901, p. 3447]), which includes all indebtedness founded upon contract existing "at the time of the filing of the petition in bankruptcy" (Zavelo v. Reeves, 227 U. S. 625, 631, 33 Sup. Ct. 365, 57 L. Ed. 676), to be liquidated pursuant to section 63b. Whether the trustee may have authority to carry out the contract in question, if he so elects, is not involved for consideration, as no such

election is set up, and it is plain that any right which may be conferred to that end by the Bankruptcy Act lends no force to the appellee's con-. tention that the claim presented was for a contingent liability. The liability arising under the breach of this contract was direct, and in no sense contingent, nor affected by the ruling in Dunbar v. Dunbar, 190 U. S. 340, 344, 23 Sup. Ct. 757, 47 L. Ed. 1084, cited in support of the contention, except as hereinafter stated.

In reference to the above-mentioned authorities disallowing claims for breach of leasehold contract arising through bankruptcy, each must rest for approval on the distinction well pointed out in the opinion of the Circuit Court of Appeals of the Second Circuit (In re Roth & Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. [N. S.] 270) be- tween the relation and rights of lessor and lessee of realty under such instruments and the rights of the contracting parties under general executory contracts. This distinction is observed as well in a note appended to the opinion in Pennsylvania Steel Co. v. New York City Ry. Co., supra, and thereupon these rulings become inapplicable to the present inquiry.

[2] Our conclusion is, therefore, that damages for anticipatory breach of the contract are provable under the claim presented, and that error is well assigned for disallowance of the entire claim. It appears from the contract, however, as exhibited with the claim, that it reserves in favor of the appellant an option "to cancel and revoke either or both of said privileges" granted by the contract "by giving six months' notice in writing of its election so to do," and that both parties shall "in that case be released from further liability" at the expiration of the six months. Under this provision the contract is mutually obligatory for a term of six months only, and uncertain and without force for any longer term of service in futuro, within Dunbar v. Dunbar, supra, and authorities cited. Thus no damages for breach are provable beyond such period.

The order of the District Court is reversed accordingly, with direction to reinstate the claim and proceed therein in conformity with this opinion.