## In re JOROLEMON–OLIVER CO.

## In re UNITED SHOE MACH. CO.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 212.

BANKRUPTCY (§ 314*)—DEBTS PROVABLE—TIME OF ACCRUAL.

Under a lease of machinery providing that if the lessee became bankrupt it might be terminated at the lessor's option, that upon the expiration of the lease the lessee should deliver the machinery to the lessor in good condition and pay such sum as might be necessary to put it in condition suitable for leasing to another lessee, and also providing for the payment of a fixed sum for deterioration and for a fixed sum for each machine, which might be reduced if the lessee had acted to the lessor's satisfaction, claims for repairs, freight, and return charges on machines, the lease of which was not terminated until after the adjudication in bankruptcy, were not provable under Bankr. Act July 1, 1898, c. 541, § 63a, subds. 1, 4, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3447), providing that debts may be proved which are a fixed liability evidenced by an instrument in writing absolutely owing at the time of the filing of the petition, or which are founded upon a contract express or implied.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. § 314.*]

Appeal from the District Court of the United States for the Western District of New York.

On appeal from an order of the District Court for the Western District of New York affirming an order of the referee in bankruptcy reducing the claim of the appellant to $126.14 and allowing it at that amount. Affirmed.

Walter Bates Farr and Nelson B. Todd, both of Boston, Mass., for appellant.

Isaac Adler, of Rochester, N. Y., for trustee in bankruptcy.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The United Shoe Machinery Company proved a claim against the estate of the bankrupt—the Jorolemon-Oliver Company aggregating $846.50. Objection being made, a part of the claim amounting to $126.14 was allowed and the remainder was withdrawn or disallowed. The items in controversy which were disallowed are as follows:

| | |
|---|---:|
| Repairs on returned machines | $101 40 |
| Freight on returned machines | 54 23 |
| Return charges on General Department machines | 155 00 |
| Return charges on Goodyear machines | 346 67 |
| | $657 30 |

The appellant assigns as error the disallowance of these items.

The machines in question were held by the bankrupt under leases from the appellant and, on February 5, 1913, shortly after the adjudication in bankruptcy the appellant served notice upon the trustee in bankruptcy terminating the leases and the machines were surrendered, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

213 F.—40

returned to the appellant. These leases cover 31 pages of the record, they are exceedingly voluminous and verbose and, like most documents of such prolixity, fail to make intelligible an agreement which could have been more clearly stated on a single printed page. The attempt, whether in a contract or a statute, to cover every conceivable future contingency, is usually a failure.

In paragraph No. 1 of the General Department lease it is stated that if the lessee becomes a bankrupt the lease may be terminated at the option of the lessor and the possession and control of the leased machines shall revest in the lessor free of all claims. Other paragraphs provide that the term of the agreement shall be for 17 years, with the right reserved in the lessor to terminate it for breach or default. If upon the expiration of the full term the lessor does not request a return of the machinery, the terms of the agreement shall be extended indefinitely. It is further provided that upon the expiration of the leases the lessee shall deliver the leased machinery to the lessor in good condition and shall pay to the lessor such sum as may be necessary to put the machine in condition suitable for leasing to another lessee.

The leases also provide for the payment of a fixed sum for deterioration of the leased machinery and for the payment upon the expiration of the lease of a fixed sum set opposite the name of the machine provided, however, that if the lessee has behaved himself to the satisfaction of the lessor the amount so fixed may be reduced.

At the time of filing the petition in bankruptcy none of these claims was enforceable against the Jorolemon Company. The bankruptcy did not terminate the leases, ipso facto, for the right to terminate was vested in the lessor and could be exercised or not at its option. They were not in fact terminated until February 5, 1913, after the adjudication in bankruptcy. The claims under the leases were not "founded upon an open account or upon a contract express or implied," "absolutely owing at the time of the filing of the petition." Section 63a, subds. 1 and 4, of the act.

There was nothing due and owing when the petition was filed. There might or might not be such a debt in the future, depending upon various contingencies, but it is enough that there was no provable debt when the petition was filed. We think the situation is fully covered by the decision of this court in Re Roth and Appel, 181 Fed. 667, 104 C. C. A. 649, 31 L. R. A. (N. S.) 270. See also Colman v. Withoft, 195 Fed. 250, 115 C. C. A. 222; Zavelo v. Reeves, 227 U. S. 625, 33 Sup. Ct. 365, 57 L. Ed. 676.

The order is affirmed.