## In re TOWNSEND.

(Circuit Court of Appeals, Third Circuit. February 19, 1926.)

No. 3419.

1. Bankruptcy ⟨⟩314(2)—Attorney's claim for services after filing of petition held not provable.

Attorney's claim for services furnished bankrupt and creditors' committee acting under agreement for extension of claims after filing of petition in bankruptcy by creditors not assenting to extension agreement, *held* not a debt due at time of filing petition, and not provable against trustees.

2. Bankruptcy ⟨⟩320—Attorney's claim improperly including an uncertain sum not provable, must be liquidated before being proved (Bankruptcy Act, § 63 [Comp. St. § 9647]).

Where attorney's claim for services included an uncertain sum for services rendered after filing of petition, *held*, amount of provable claim being uncertain, claim must be liquidated, under Bankruptcy Act, § 63 (Comp. St. § 9647), before it can be proved.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

In the matter of the bankruptcy of Otis M. Townsend, wherein Walter H. Bacon is trustee. From an order of the District Court, allowing claim of Charles Edwin Fox and another, the trustee appeals. Reversed, with directions.

Walter H. Bacon, Jr., of Trenton, N. J., for appellant.

Thomas G. Haight and John A. Hartpence, both of Jersey City, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Townsend, with assets of $390,000 and liabilities of $250,000, became involved in his building operations. He called a meeting of his creditors, asked for an extension of their claims and offered to submit his business to their supervision until payment. Acceding to his proposal, the creditors present appointed a Creditors' Committee which engaged Fox &

Rothschild, attorneys, to prepare the necessary papers and render such other professional services as might be required of them during the period of the extension. Their employment was made with the full knowledge and consent of Townsend. Being general, no fee was named.

The attorneys first prepared a proposed agreement covering the transaction, to be signed by Townsend, the Committee and the creditors. One hundred and fifty-four creditors, representing about 50 per cent. in number and 85 per cent. in amount, signed the agreement, but for some reason it was not signed by Townsend or by the Committee. However, the Committee and Townsend proceeded to act in accordance with its terms. They were in almost daily conference with the firm of attorneys, seeking and accepting their counsel in every transaction of importance in which they engaged. The Committee was working for Townsend, and Townsend was working with the Committee and the attorneys were working for both. After the business had thus been conducted and professional services rendered for a period of two months, creditors who had not joined the others filed a petition in bankruptcy against Townsend. That, of course, brought to an end the Committee's activities and, similarly, it should have terminated the activities of the attorneys. While there was some delay in "letting go," the Committee surrendered the estate of the bankrupt to his trustee with satisfactory promptness. The attorneys, however, continued rendering services in the way of corresponding with and making reports to the creditors who had subscribed to the previous arrangement. In due time they filed a claim in one stated sum for professional services they had rendered Townsend, the bankrupt. It was resisted by the trustee and disallowed by the referee on five grounds: That the contract of extension was not signed by the bankrupt and no inference could be drawn that any contract was made between the bankrupt and the claimants; that the alleged contract was not binding on the trustee; that the contract was in contravention of the Bankruptcy Act; that the claim was not liquidated; and that no substantial services had been rendered. On review, the District Court, finding itself opposed to all the grounds named by the referee, reversed his order and allowed the claim.

[1, 2] We think, in the main, the District Court was right but in one respect it fell into error. The claim of the attorneys on

its face is for services rendered the bankrupt in part before bankruptcy and in part after bankruptcy. However inconsequential the latter services may have been, they are, nevertheless, charged for and the charge is included in the lump sum of the claim. As this part of the claim was not a debt at the time of the filing of the petition in bankruptcy, it is, of course, not provable. Randolph v. Scruggs, 23 S. Ct. 710, 190 U. S. 533, 47 L. Ed. 1165; Zavelo v. Reeves, 33 S. Ct. 365, 227 U. S. 625, 57 L. Ed. 676, Ann. Cas. 1914D, 664; Colman v. Withoft, 195 F. 250, 115 C. C. A. 222. This leaves the balance of the claim unliquidated; that is, it leaves it in the status of being certain as to the liability of the bankrupt to pay it yet uncertain as to the amount. In re Griffin (D. C.) 188 F. 389; In re Mullings Clothing Co., 238 F. 58, 151 C. C. A. 134, L. R. A. ·1918A, 539; In re Gimbel (C. C. A.) 294 F. 883. In this uncertainty the claimants must liquidate their claim before they can prove it, In re Youroveta Home (C. C. A.) 297 F. 723. For this the Bankruptcy Act, by section 63 (Comp. St. § 9647), makes provision. Collier (13th Ed.) 1418. Therefore, we are constrained to reverse the decree with direction that, on the claimants' application, the District Court liquidate the claim in such manner as it may direct and thereafter allow it.