**MEEHAN v. KING.**

No. 2713.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1932.

Harry Bergson, of Boston, Mass. (Danforth W. Comins, of Boston, Mass., on the brief), for appellant.

Lee M. Friedman, of Boston, Mass. (Frank L. Kozol, of Boston, Mass., and

Friedman, Atherton, King & Turner, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal from an order adjudging Meehan, trustee in Bankruptcy of the E. E. Gray Company, in contempt for failure to turn over to the appellee or his counsel the sum of $1,311.66.

The facts are as follows: On November 1, 1930, a creditors' petition was filed against the E. E. Gray Company, and on that day a receiver appointed, who remained in office until the election of a trustee on February 9, 1931. The adjudication was on January 26, 1931. On January 5, 1931, Tarrant P. King and others filed in the bankruptcy proceedings a petition, setting forth that the bankrupt had executed a lease expiring on December 31, 1930; "that by the terms of said lease the E. E. Gray Company covenanted and agreed to pay the monthly rental of twenty-five hundred (2500) dollars in advance plus charges for light, use of elevator, water and meter rent; that Charles H. Lusk was appointed receiver of E. E. Gray Company on November 1, 1930, and took possession of said property on that date and has occupied said premises during the months of November and December, 1930.

"Whereby your petitioner prays that said Charles H. Lusk as receiver of said E. E. Gray Company be authorized and directed to pay to said Tarrant P. King et al., trustees as aforesaid, the sum of $5,067.23, in accordance with the account hereto annexed."

After the election of the trustee, this petition came on for hearing before the referee, who, on April 17, 1931, entered an order as follows:

"The petitioners leased to the bankrupt certain premises which were not occupied by the bankrupt at the time the receiver was appointed. A portion of these premises had been sublet by the bankrupt. The petitioners' lease to the bankrupt gave the petitioners the right to terminate on the appointment of a receiver. The petitioners took no action to enforce this right. The receiver neither affirmed or disaffirmed the lease and the receiver did not take possession.

"The petitioners' claim for use and occupancy is denied, but the petitioners may prove a general claim for any sum due on the date of the petition in bankruptcy. The trustee of the bankrupt is directed to return to the petitioners all sums received during the term of the receiver from the sublessees."

On review, the District Court reversed the referee; but on the trustee's appeal this court reversed the District Court and remanded the case to the court below "with directions to enter a decree affirming the order of the referee." 54 F.(2d) 761, 764. On April 13, 1932, the District Court entered an order, the material part of which is as follows:

"Ordered and adjudged that the mandate of the Circuit Court of Appeals for the First Circuit, dated January 15, 1932, be and the same hereby is made the order and judgment of this court; and it is further ordered that said order of the District Court be and the same is hereby reversed and the order of the referee affirmed with the costs of said appeal taxed at the sum of $84.85."

On May 10, 1932, the appellee filed a petition setting forth Meehan's refusal to pay over the rentals collected from the subtenants, and praying that he be adjudged in contempt. To this petition Meehan filed an answer in which, after admitting the order requiring him to turn over all sums received during the term of the receivership from sublessees to King, he sets out that, since the entry of such order, he has been summoned as trustee in the municipal court of the city of Boston, on a suit brought by the Pompeo Transporting Corporation against the bankrupt, returnable on April 30, 1932, in which court he has filed an answer, a copy of which is annexed. This answer, filed in the municipal court, briefly states the history of the proceedings, that Meehan has in his possession $1,311.66, rentals turned over to him by the receiver, and further as follows:

"The said Harry W. Meehan does not claim the said $1,311.66 as part of the assets in bankruptcy of the said E. E. Gray Company. Tarrant P. King et al., Trustees, have claimed these funds from the said Meehan, and the said Meehan being in doubt as to whom these funds belong, whether to the E. E. Gray Company or to the said Tarrant P. King, et al., Trustees, submits this question to the court for determination, and suggests that the said Tarrant P. King, et al., Trustees, be summoned in as claimants."

His answer to the contempt petition further proceeds as follows:

"5. Your respondent says that he claims no interest whatsoever in the said sums received from the sublessees, and that his sole interest is to protect the estate of which he is trustee in bankruptcy from double liability; that the matter should either be left to

the determination of the Municipal Court of the City of Boston or that this court should summon in the Pompeo Transporting Corporation and have the rights of all parties adjudicated inasmuch as the rights of the E. E. Gray Company were not adjudicated at the time that the referee entered his order dated April 17, 1931."

We may as well note here that the appellant's proper course was to move that court to discharge him as alleged trustee for lack of jurisdiction.

On this record appellant makes contentions as follows:

"1. The sums received from the sub-lessees are no part of the bankrupt's estate, and the bankruptcy court had no jurisdiction to determine the disposition thereof.

"2. The referee's order to turn over to the appellees is void for want of jurisdiction.

"3. The Municipal Court of the City of Boston acquired jurisdiction over these funds by its trustee process.

"4. The appellant cannot be held guilty of contempt in refusing to comply with an order void for want of jurisdiction."

■ We agree with the appellant that the sums received from the sublessees are, on this record, no part of the bankruptcy estate. In re Jorolemon-Oliver Co. (C. C. A.) 213 F. 625; In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270; Remington on Bankruptcy, § 1377; Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; In re Waite-Robbins Motor Co. (D. C.) 192 F. 47; In re Morris & Rice (D. C.) 258 F. 712.

It does not follow that the bankruptcy court has no jurisdiction to determine the disposition thereof, or that the municipal court acquired jurisdiction over them.

■ These funds came legally and properly into the possession of the bankruptcy court's receiver. The bankrupt held a lease of the premises in question, and it was no part of the receiver's function, without direction by the court, either to affirm or renounce this lease. The collection of these rents was the proper course for the preservation of what might later be found to be a part of the bankruptcy estate. Whether the referee's order to turn these rents over to the appellees was void for want of jurisdiction is another question.

The language in the mandate of this court and adopted by the subsequent order in the District Court, to the effect that "the order of the referee be affirmed," must be construed in the light of the petition before the referee and of the subsequent opinion of this court.

Looking first at the petition of King et al., it is clear that the owners of these premises asked for the rent and charges accruing under the lease for the two months of November and December, and sought nothing else. That was all that was before the referee. It was also the main question subsequently before this court.

In the opinion of this court, the question chiefly discussed is as to whether the receiver had so occupied the premises in question as to ground a liability for the rent. The conclusion reached was that he had not. Near the close of the opinion, the court said:

"When a receiver in bankruptcy acts as an officer of the court in the administration of an estate, the court has jurisdiction to determine the validity of his acts. The referee ordered the trustee to return to the lessors all sums received during the months of November and December from sublessees. In so doing, he disaffirmed any act of the receiver that possibly could be construed as an affirmance of the lease. The ruling of the referee disallowing appellees' claim was correct. The District Court erred in reversing his decision.

"The order of the District Court is reversed, and the case is remanded to that court, with directions to enter a decree affirming the order of the referee; the appellant to recover costs."

The mandate from this court and the resultant order of the court below embodied literally this language.

■ As this court thus held that, on the record before it, the bankruptcy estate was not liable for use and occupancy, nor for the rent under the lease, accruing after the date of the filing of the petition, this conclusion in effect held the lease disaffirmed, and necessarily left the bankrupt corporation liable thereunder, and, per contra, entitled to the rents from its subtenants, as after acquired property. This money might properly have been used to pay, pro tanto, the bankrupt's rent; but it (the bankrupt) had a technical right to use it for any legal purpose. Without assignment or order from the bankrupt corporation, or making the corporation a party defendant, the referee had no power to order the payment to the bankrupt's landlord-creditor. The second error of the appellant was his failure to move in the court below for appropriate process to make the bankrupt technically subject to the jurisdiction of that court.

But in this record we find nothing to show that the bankrupt was, technically, before the court purporting to make a disposition of the bankrupt's after-acquired assets. The order was therefore void. Clearly, this court could not, and did not, undertake to affirm the invalid part of the referee's order. Of legal necessity the affirming mandate must be limited to the legal part of the referee's order.

But this sum of $1,311.63 came legally into the possession of the trustee of the bankrupt corporation. As the money is thus in the actual possession of the court of bankruptcy, its jurisdiction to determine its disposition is exclusive. The municipal court of the city of Boston acquired no jurisdiction over this sum. It is unnecessary to consider whether, under other conditions, funds in the hands of a trustee in bankruptcy are or are not subject to attachment by trustee process. Compare Travelers' Ins. Co. v. Maguire, 218 Mass. 360, 362, 105 N. E. 1023; In re Argonaut Shoe Co. (C. C. A.) 187 F. 784; Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 737, 738, 51 S. Ct. 270, 75 L. Ed. 645; Murphy v. John Hofman Co., 211 U. S. 562, 568, 569, 29 S. Ct. 154, 53 L. Ed. 327.

The result is that the order adjudging the appellant in contempt must be vacated, and the case remanded to the court below for further proceedings, at which the bankrupt shall have legal opportunity to be heard concerning the disposition of this after-acquired property. No costs to either party.

The decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion. No costs for either party.