## CANTOR v. CHERRY. *
### No. 5322.

Circuit Court of Appeals, Third Circuit.

Sept. 5, 1934.

Rehearing Denied Oct. 15, 1934.

Jacob Weinstein, of Philadelphia, Pa., for appellant.

Emil F. Goldhaber and Aarons, Weinstein, Stone & Goldhaber, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

Cantor, the claiming creditor, was the owner of certain premises in Philadelphia. He leased the property to the bankrupts, trading as Nathan Bloch Sons Company, for one year from February 14, 1931.

The lease provided that either party might terminate the relationship by giving written notice thirty days before the expiration of the lease; that, if no notice was given, the lease continued for another year; and that, if the lessee should become a bankrupt, the rent for the term would become due and payable immediately.

The lessee entered into possession of the premises, and thirty days prior to the end of the term gave notice of its intention to quit the premises at the end of the first year of occupancy, February 14, 1932.

An involuntary petition in bankruptcy was filed on February 5, 1932, and the copartners were adjudicated bankrupts on April 1, 1932. The trustee, Cherry, was appointed receiver and, on April 26, 1932, trustee of the bankrupts.

Some time prior to the filing of the petition the landlord distrained for rent in arrears and due up to February 15, the end of the term. The trustee, who was then the cus-

*Writ of certiorari denied 55 S. Ct. 346, 79 L. Ed. ——.

todian of the bankrupt's business, paid the amount.

The goods and chattels of the bankrupts remained on the premises after February 15, and the receiver surrendered possession to the landlord on May 2, 1932, but the premises were vacant at the time the landlord filed his claim for a year's rental.

The District Court affirmed the order of the referee disallowing the claim of the landlord for a full year's rental and making the landlord an allowance for the use and occupation of the premises from February 14 to May 2, 1932. The claimant, the landlord, appealed.

The claimant contends that, despite the notice to quit the premises, the bankrupts held over and failed to vacate the premises, and therefore, with the assent of the landlord, they bound themselves to a new term under the lease, and by its provisions made themselves liable for rental for the ensuing term of the lease. Adams v. Dunn, 64 Pa. Super. 303.

But the trustee correctly points out that the question here is not to determine the legal consequences of a tenant continuing in possession of the premises after notifying the landlord properly of his intention to quit the premises at the end of a term. The question is whether or not the act of the bankrupts, against whom an involuntary petition in bankruptcy had been filed and who were subsequently adjudicated bankrupts, could bind their estates.

We are of the opinion that the referee and the learned District Court were not in error in allowing merely a claim for use and occupancy from February 14 to May 2, 1932.

In order to prove a claim in bankruptcy, the obligation must have been in existence at the time of the filing of the petition. Colman Co. v. Withoft, 195 F. 250, 252 (C. C. A. 9); In re Townsend, 10 F.(2d) 790 (C. C. A. 3); 11 USCA § 103, note 5. The bankrupts had no power to bind their estates after February 5, 1932, on which date the petition was filed. At that time they had notified their landlord, the claimant, of their intention to leave the premises. The landlord had nothing but an expectation of the possibility of their continuing in possession of the premises after the term had expired.

The fact that the bankrupts continued to occupy the premises after the term and prior to adjudication and the appointment of a receiver cannot bind their estates unless it be **for** use and occupancy for the benefit of their creditors. The bankrupts after the filing of the petition had no power to contract for the estate or to recall the notice of the termination of the lease. From February 14, to April 7, when the receiver was appointed, the use and occupancy of the premises was for the benefit of the creditors of the bankrupts just as it was from April 7 to May 2, during the period of the receivership and trusteeship.

The decree of the District Court is affirmed.