PREBLE CORPORATION v. WENT-
WORTH et al.

No. 3111.

Circuit Court of Appeals, First Circuit.

June 3, 1936.

Joseph B. Jacobs, of Boston, Mass., for appellant.

William B. Nulty, of Portland, Me., for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a reorganization proceeding under section 77B, Bankr.Act (11 U.S.C.A. § 207). The debtor has appealed from a decree denying confirmation of its plan of reorganization and denying its motion that the value of the interest of the first mortgage bondholders be appraised.

There is no controversy about the facts. The debtor is a Maine corporation owning valuable business real estate in Portland, Me. It became financially embarrassed, and presented a petition for reorganization under section 77B, which was duly approved and filed. Its principal asset is its real estate. This is subject to a first mortgage made in 1923 to secure an issue of its bonds of which there is now outstanding about $1,205,000. The other assets amount to less than $60,000 and a claim of about $600,000 against a closed bank, which is in litigation and, if established, will not realize more than one-half that amount. The indebtedness is about $1,900,000. The District Judge found that the corporation is insolvent, and his finding is not challenged.

There were several issues of securities junior to the first mortgage bonds, and the creditors and stockholders were by order of court put into eight classes. The required percentage of each of these classes assented to the plan except the first mortgage bondholders. With reference to nonassenting creditors and stockholders—in this case the mortgage bondholders—the statute says that the plan of reorganization shall provide in respect of them "adequate protection for the realization by them of the value of their interests, claims, or liens, if the property affected by such interests, claims, or liens is dealt with by the plan, * * * or by appraisal and payment either in cash of the value either of such interests, claims, or liens," etc. (section 77B, subsec. (b), 11 U.S.C.A. § 207(b). The statute also provides that "the judge shall confirm the plan if satisfied that (1) it is fair and equitable and does not discriminate unfairly in favor of any class of creditors or stockholders, and is feasible." Subsection (f), 11 U.S.C.A. § 207(f).

When it became apparent that the mortgage bondholders did not assent to the proposed plan of reorganization, the debtor moved for an appraisal of the value of the interest and securities of the first mortgage bondholders in order that the debtor might pay to them under order of the court the value of such interests and securities and thereupon have a discharge of the mortgage. The District Judge after full hearing found:

"(1) The Court is not satisfied that the plan of reorganization offered by the Debtor is fair and equitable and does not discriminate unfairly in favor of any class of creditors and is feasible, for the reasons set forth in the opinion of the Court filed December 18, 1935.

"(2) The Court is not satisfied that the plan complies with the provisions of subsection (b) of Section 77B, in that the plan does not provide in respect of one class of creditors, to wit, the First Mortgage Bondholders, of which less than two-thirds in amount have accepted the plan, adequate protection for the realization by them of the value of their interests, claims or liens."

"(5) That the Debtor is insolvent, both upon the evidence and upon its own admission."

He also found:

"That the value of the real estate covered by the mortgages is substantially less than the amount of the outstanding first mortgage bonds."

The evidence is not reported, and these findings must be accepted unless they are clearly inconsistent with the undisputed facts, which does not appear.

In his opinion the District Judge said: "A plan may not be confirmed if it is not fair and equitable, or if it discriminates in favor of one class of creditors or stockholders or is not feasible. In such a case as this, to take the property from the mortgagee upon an appraisal is an attempt to use a supposed or possible value, over and above the appraisal, for the benefit of other creditors and stockholders. If there is any such surplus value, it belongs to the first mortgagee, up to the amount of his debt. If there is none, there is nothing to build on, and there would seem to be no object in having an appraisal, in the absence of a disclosure of a method of raising the money, unless junior interests are prepared to advance the money on a chance of increased value in the future, and there is no information before the court to that effect. A plan cannot be called either fair or feasible which discloses no method or probability of being carried out unless, perchance, the appraisers make a mistake in valuation." We agree with this view, and it is decisive. There is no occasion to consider the other questions which were argued.

The decree of the District Court is affirmed, with costs.